UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10669-GAO

ANTHONY LIPSCOMB,
Petitioner,

v.

WARDEN JEFFREY GRONDOLSKY,
Respondent.

ORDER
September 28, 2017

O'TOOLE, D.J.

Now before the Court is *pro se* petitioner Anthony Lipscomb's "petition for writ of habeas corpus ad subjiciendum" (dkt. no. 1). The Court construes the petition as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] For the reasons stated below, the petition is dismissed.

"[A] 'motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (emphasis in original) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)). The petitioner's claim does not remotely touch upon these types of issues. Rather, because Lipscomb is challenging the

---

[1] A petition writ of habeas corpus ad subjiciendum may be construed as petition under 28 U.S.C. § 2241. See Jackman v. Shartle, Civil Action No. 12-5249 (NLH), 2013 WL 2096502, at *3 (D.N.J. May 13, 2013), aff'd, 535 F. App'x 87 (3d Cir. 2013) (per curiam) (nonprecedential); Kahn v. Miner, No. 5:12-HC-2149-FL, 2012 WL 5451257, at *2 (E.D.N.C. Nov. 7, 2012); United States v. Craft, Criminal No. 1:CR-02-011-01, 2007 WL 3491286, at *2 (M.D. Pa. Nov. 13, 2007).

jurisdiction of the court that imposed his sentence,[2] it thus appears that he is seeking relief under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(a) (permitting prisoner to move for relief on the grounds that "the court was without jurisdiction to impose such sentence").

Because Lipscomb is a federal prisoner authorized to seek § 2255 relief, he may not seek relief via a petition under § 2241 unless he can demonstrate that "the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner makes no showing his remedy is inadequate or ineffective. Habeas corpus relief under 28 U.S.C. § 2241 is therefore unavailable pursuant to 28 U.S.C. § 2255(e).

Accordingly, the petition (dkt. no. 1) is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[2] The petition summarily states that the United States lacked jurisdiction over the land on which the alleged crime occurred.